[Cite as *In re J.F.* , 2012-Ohio-1864.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| J. F. | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| NEGLECTED/DEPENDENT CHILD | |
| | Case No. 12AP010001 |
| | <u>OPINION</u> |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Juvenile Division, Case No. 10JN00433 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT: | April 25, 2012 |

APPEARANCES:

| For Appellant | For Appellee |
|---|---|
| E. MARIE SEIBER<br>P.O. Box 108<br>Dennison, OH  44621 | DAVID W. HAVERFIELD<br>389 16th Street, SW<br>New Philadelphia, OH  44663 |

*Farmer, J.*

{¶1}   On September 21, 2010 appellee, the Tuscarawas County Department of Job and Family Services, filed a complaint for temporary custody of J. F. born August 9, 2010, alleging the child to be dependent.  Mother is appellant, Ann Gibson-Miller; father is Michael Fouts.  On same date, the trial court placed the child in appellee's temporary custody.  By judgment entry filed October 22, 2010, the trial court found the child to be dependent and ordered that the child shall remain in appellee's temporary custody.

{¶2}   On August 8, 2011, appellee filed a motion for permanent custody.  A hearing was held on December 1, 2011.  By judgment entry filed December 7, 2011, the trial court granted permanent custody of the child to appellee.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}   "THE TRIAL COURT'S DECISION TO GRANT PERMANENT CUSTODY TO TUSCARAWAS COUNTY JOB AND FAMILY SERVICES ('TCJFS') WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶5}   Appellant claims the trial court's decision to grant permanent custody to appellee was against the manifest weight of the evidence.  We disagree.

{¶6}   As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses.  Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (February 10, 1982), Stark App. No. CA-5758.  Accordingly,

judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction* (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

{¶7} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:

{¶8} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

{¶9} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall

consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

{¶10} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;

{¶11} "(16) Any other factor the court considers relevant."

{¶12} R.C. 2151.414(B)(1) enables a trial court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child:

{¶13} "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

{¶14} "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period,***and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

{¶15} "(b) The child is abandoned.

{¶16} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

{¶17} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period***.

{¶18} "For the purposes of division (B)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home."

{¶19} R.C. 2151.414(D)(1) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:

{¶20} "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

{¶21} "(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{¶22} "(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period***;

{¶23} "(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶24} "(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

{¶25} Appellant specifically claims she was not afforded a reasonable time to reunify with her child nor given a time guideline as to the amount of time that was reasonable.  In its December 7, 2011 judgment entry, the trial court included a statement about reasonable time limits:

{¶26} "The Case Plan proposed by the Tuscarawas County Job and Family Services addressed the concerns which resulted in the removal of the child.  Each element of the Case Plan had supportive services offered by the Tuscarawas County Job and Family Services to help in the completion of the Case Plan.  These parents have demonstrated a lack of commitment toward their child and have failed to provide an adequate home for the child at this time and cannot do so within a year of this litigation."

{¶27} Appellant completed her Goodwill Parenting classes and had exemplary attendance. T. at 31.  However, as evidenced by State's Exhibit B, appellant was easily frustrated and struggled with appropriate coping mechanisms to deal with her anger.  T. at 25, 28.  During visitations, appellant had unrealistic expectations of her child.  T. at 23-24.  During the first planned home visit, dog feces was observed all around the home, the bedroom was extremely dirty and reeked of unpleasant odor, and the clothing on the floor was crawling with cockroaches.  T. at 9, 10-11, 20.  During a second

planned visit, the cleanliness issues were addressed, but open bottles of cleaning supplies were sitting about and there was still clutter in the bedroom. T. at 21-22. Although appellant completed eighty-five percent of her goals, the Goodwill Parenting Discharge Summary included an opinion that appellant was unable to adapt to the ever changing needs of her child and did not correctly comprehend the typical developmental stages. State's Exhibit B.

{¶28} Barbara Schwartz, a clinical therapist, testified to her observations and conclusions as a result of evaluating appellant. She opined that appellant could not safely raise a child. T. at 52. Her opinion was further explained in her report, State's Exhibit C, as follows:

{¶29} "There are serious concerns regarding Ms. Gibson Miller's inability to grasp appropriate developmental parameters for her child. She continues to insist her infant son could roll over, lifts his head and was taught to count several days after birth. Additional concerns related to parenting include her emotional volatility, impulsivity; she quickly escalated to anger multiple times during the assessment. When asked how she would handle her behavior differently regarding the presenting issues, Ms. Gibson Miler immediately and emphatically stated she would never take her son to a hospital again 'because that is when the trouble started'. The absence of appropriate judgment demonstrated by her statement is a significant area of concern regarding her ability to parent independently and provide a stable, nurturing environment for a child."

{¶30} In a report filed November 23, 2011, the Guardian ad Litem concurred with Ms. Schwartz's evaluation:

{¶31} "Ann has a dominant personality that demands significant attention. Michael's dependent personality disorder allows him to cater to Ann. Unfortunately, these issues distract the parents from parenting appropriately. As stated by the therapist, Ann's severe mental health issues place JF in grave danger. This situation has not changed with case plan services. Michael continues to engage in a relationship with Ann. This continues to place the baby in danger. Based on these issue (sic), it is in the best interest of JF to remain in his current home and permanent custody granted to TCDJFS."

{¶32} Appellee has been involved with the family for over one year, with appellee receiving temporary custody of the child on September 21, 2010. Despite completion of the case plan regarding Goodwill Parenting classes, the home situation was still considered dangerous. Unfortunately, appellant's psychological issues impacted her ability to deal with her frustrations, and resulted in threats to appellee and personalizing statements the trial judge had said. T. at 47, 82, 97-98, 99-101. Appellant claimed her child had been sold to an Amish family and believed she had seen her child at Walmart. T. at 46, 48, 101. Appellant also claimed she had some conversations with the President of the United States about her case. T. at 50-51.

{¶33} The trial court's findings are substantiated by the record and the exhibits. These facts are sufficient to establish that after more than a year of assistance, appellant's parenting skills are not sufficient to create a safe environment for the child.

{¶34} Upon review, we conclude there is sufficient evidence to meet the clear and convincing standard for a permanent custody award to appellee and that more than sufficient time and assistance have been afforded to appellant.

{¶35}  The sole assignment of error is denied.

{¶36}  The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Court is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


_s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


_s/ John W. Wise_____ _____

JUDGES

SGF/sg 416

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT


IN THE MATTER OF:                   :
                                    :
J. F.                               :
                                    :
NEGLECTED/DEPENDENT CHILD           :          JUDGMENT ENTRY
                                    :
                                    :
                                    :          CASE NO. 12AP010001


       For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is affirmed.  Costs to appellant.




              _s/ Sheila G. Farmer_____



              s/ William B. Hoffman_____



              _s/ John W. Wise_____

                       JUDGES